REQUESTED BY: Honorable Rex Haberman State Senator District No. 44 State Capitol Lincoln, NE 68509
Dear Senator Haberman:
Some time ago you referred to this office a packet of materials concerning Idaho's recently enacted changes in the insanity defense law. Pursuant to our telephone conversation with your staff, we assume that you are considering introducing similar legislation in the State of Nebraska and are concerned about the constitutionality of the Idaho approach. After careful analysis, we believe that the Idaho approach would probably pass constitutional muster.
Certain elements of the insanity defense appear to be constitutionally protected. This is most evident in cases from the only two states that have previously attempted to totally eliminate the defense. In State v. Strasburg,60 Wn. 106, 110 P. 1020 (1910), the court held that the attempt to eliminate the defense and insanity violated Section 14 of the state constitution which provided, `No person shall be deprived of life, liberty, or property except by due process of law.' The court stated that when the mind of the defendant is so diseased that he cannot be said to have a criminal intent or the specific intent necessary to commit a particular crime, then such insanity as a defense is a fundamental part of criminal jurisprudence. In Sinclair v.State, 161 Miss. 142, 132 So. 581 (1931) the court also held that the insanity defense was protected by the state constitution. The necessity of criminal intent to a prosecution was held to be required by notions of fundamental fair play. The court held that the constitutional right to due process of law would be violated by excluding from the jury proof that the defendant could not understand the nature and quality of his act. Additional cases could cited. Suffice it to say that the Sinclair and Strasburg rationale has been consistently followed.
The Idaho insanity law professes to eliminate the insanity defense by § 18-207(a) of the Idaho Code which states, `mental condition shall not be a defense to any charge of criminal conduct.' That subsection, standing alone, would probably be unconstitutional for the reasons stated in the cited cases. However, subsection (c) of the cited section provides that, `nothing herein is intended to prevent the admission of expert evidence on the issue of mens rea or any state of mind which is an element of the offense, subject to the rules of evidence.' Thus, even under Idaho's new insanity law, a person who does not have the mental ability to form criminal intent or the specific intent necessary to commit a particular crime could not be found guilty. Interpreted thusly, the Idaho law probably passes constitutional muster. We note that passage of such a law in Nebraska may not substantially change the outcome of a criminal case as it exists under current law. However, that issue is beyond the context of this opinion.
Sincerely,
PAUL L. DOUGLAS Attorney General
Martel J. Bundy Assistant Attorney General